IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RECIA A. GUILLORY AND<br>DEBET A. HEBERT | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| VS. | §<br>§ | Civil Action No. _____ |
| | §<br>§ | JURY DEMANDED |
| BEAR CREEK HUNTING CLUB | §<br>§ | |
| Defendant. | §<br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs Recia A. Guillory and Debet A. Hebert and file this Original Complaint against Defendant, Bear Creek Hunting Club, and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff, Recia A. Guillory is a Louisiana resident who resides at 244 Delaney Road, Lake Charles, Louisiana 70607.

2. Plaintiff, Debet A. Hebert is a Louisiana resident who resides at 244 Delaney Road, Lake Charles, Louisiana 70607.

3. Defendant Bear Creek Hunting Club (hereinafter referred to as "Bear Creek") is a non-profit corporation and/or unincorporated Texas association and can be served through Sandra Kilgore, its President, at 211 Elm Street, Pineland, Texas 75968. Issuance of summons and service of process is requested at this time.

## JURISDICTION

4.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332(a)(1) because Plaintiffs are Louisiana residents and Defendant Bear Creek Hunting Club is a non-profit corporation or unincorporated association having its principal place of business in Texas and the amount in controversy exceeds $75,000.00, excluding costs and interest.

## VENUE

5.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) because this district is the district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

## FACTS

6.     On or about January 22, 2011, Recia Guillory was with friends near Pineland, Texas on land leased to Bear Creek Hunting Club.  Recia Guillory was on this land at the invite of a friend, and not at the invite of Jeffrey Kilgore or Bear Creek Hunting Club.

7.     While Recia Guillory and her friends were near a communal fire, Jeffrey Kilgore (a member of Bear Creek Hunting Club who was on the premises due to his status as a member) poured a flammable liquid, believed to be gasoline, from a container onto the Bear Creek Hunting Club communal fire.

8.     Mr. Kilgore was attempting to build up or accelerate the fire on behalf of or for the benefit of Bear Creek Hunting Club, and/or for himself, and/or for his fellow members and/or their guests.

9.     Alternatively, Mr. Kilgore was attempting to build up or accelerate the fire based on request(s) made by a Board Member or Director of the Bear Creek Hunting Club.

10. When Mr. Kilgore poured gasoline on the existing fire, the gasoline ignited and caused an explosion of the container. Recia Guillory, an innocent bystander, was engulfed in fire and gasoline and was severely burned.

11. Due to the severity of her burns, Recia Guillory had to be transported by helicopter to Shriner's Hospital for Children in Galveston. Since this traumatic event, Recia Guillory has undergone extensive medical and psychological treatment. Recia Guillory has suffered tremendous pain and mental anguish and permanent physical and mental scars as a result of this preventable incident.

## CAUSES OF ACTION

12. Plaintiffs would show the negligence of Kilgore was a proximate cause of the occurrence and damages in question.

13. Kilgore negligently, knowingly, and/or intentionally poured gasoline or another flammable substance on an open flame, resulting in severe injuries to Recia Guillory. Kilgore committed this dangerous act in spite of years of training and experience as a firefighter.

14. Kilgore failed to warn Recia Guillory of his intention to pour flammable liquid on the fire, thereby placing her in an extremely dangerous situation. At the very least, Kilgore should have cleared the area of people prior to pouring flammable liquid on an existing fire.

15. Kilgore committed other acts and/or omissions to be shown at time of trial to constitute negligence.

16. One or more of the foregoing acts and/or omissions of Kilgore constitute negligence and were a proximate cause of the occurrence and damages in question.

Plaintiffs would show that Bear Creek Hunting Club is vicariously liable for the negligence of its agent, servant, partner, and/or member, Jeffrey Kilgore.

17. Plaintiffs would show Bear Creek's negligence was also a proximate cause of the occurrence and damages in question.

18. Bear Creek failed to implement rules, warnings, policies and/or procedures to prevent the type of incident that occurred and caused damages to Ms. Guillory.

19. Bear Creek failed to properly oversee its members to insure negligent activities such as accelerating fires with gasoline did not occur.

20. Bear Creek failed to implement rules regarding the responsible use of alcohol by its members which also contributed to the incident in question.

21. Bear Creek committed other acts and/or omissions to be shown at time of trial to constitute negligence.

22. One or more of the foregoing acts and/or omissions constitute negligence and proximately caused the occurrence and damages in question.

23. Plaintiffs would show Bear Creek was grossly negligent because it was subjectively aware of the extreme degree of risk created by pouring gasoline on an open fire yet failed to implement rules, policies or procedures prohibiting its members from pouring gasoline onto fires and failing to properly oversee its members in order to prevent them from engaging in such conduct. This amounted to conscious indifference to the rights, safety and welfare of Recia and others who were near the communal fire. Accordingly, Plaintiffs are entitled to recovery of exemplary damages.

## DAMAGES

24. As a proximate result of the foregoing negligence, Recia Guillory has suffered the following damages:

      a. Past and future physical impairment;
      b. Past and future disfigurement;
      c. Medical expenses incurred from the time of her eighteenth birthday and which in reasonable medical probability will continue to be incurred in the future;
      d. Pain and suffering and mental anguish suffered in the past and which will continue to be suffered in the future.

25. As a result of the foregoing, Debet Hebert has suffered damages in the form of medical expenses incurred in the care and treatment of Recia Guillory's injuries prior to Recia Guillory's eighteenth birthday.

26. In addition to the foregoing, exemplary damages should be assessed against Bear Creek Hunting Club for its gross negligence.

## JURY DEMAND

27. Plaintiffs demand a trial by jury with the filing of this Complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Recia A. Guillory and Debet A. Hebert pray that Defendant Bear Creek Hunting Club be summoned to appear and answer herein, that upon trial of this case, Plaintiffs have and recover judgment against Bear Creek Hunting Club for all of the damages suffered as a result of Defendant's negligence, that exemplary damages be assessed against Defendant as a consequence of its gross negligence and that Plaintiffs have such other and further relief, including costs of court, to which they are justly entitled.

Respectfully Submitted,


By:*/s/ Aaron Pool*
Aaron Pool
SBN 16115400
Federal I.D. No. 12920
3200 Southwest Freeway
Phoenix Tower, Suite 2300
Houston, Texas  77027-7525
Phone: 713-877-1112
Fax: 713-877-1138

**ATTORNEY IN CHARGE FOR**
**PLAINTIFFS RECIA A. GUILLORY AND**
**DEBET A. HEBERT**


OF COUNSEL:
M. Matt Jett
SBN 24068684
Federal I.D. No. 1091711
DONATO, MINX, BROWN & POOL, P.C.
3200 Southwest Freeway
Phoenix Tower, Suite 2300
Houston, Texas  77027-7525
Phone: 713-877-1112
Fax: 713-877-1138

6